IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| SENATOR OPHELIA FORD, WILLIAM MARTIN SUGGS, PAUL F. LOWE, GWENDOLYN ELLERSON, LOUVENIA HAMPTON, and NAOMI B. TATE, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:06-cv-2031 |
| THE TENNESSEE SENATE (composed of SENATORS MAE BEAVERS, DIANE BLACK, JIM BRYSON, TIM BURCHETT, RUSTY CROWE, RAYMOND FINNEY, DAVID FOWLER, BILL KETRON, RANDY MCNALLY, JEFF MILLER, MARK NORRIS, CURTIS S. PERSON, JR., RON RAMSEY, STEVE SOUTHERLAND, JIM TRACY, MICHAEL R. WILLIAMS, JAMIE WOODSON, KATHRYN I. BOWERS, CHARLOTTE BURKS, STEPHEN I. COHEN, JERRY W. COOPER, WARD CRUTCHFIELD, THELMA HARPER, JOE M. HAYNES, DOUGLAS HENRY, ROY HERRON, DOUG JACKSON, TOMMY KILBY, ROSALIND KURITA, JAMES F. KYLE, JR., DON MCCLEARY, JOHN S. WILDER and PLAINTIFF, OPHELIA FORD, all in their official capacity) and LT. GOVERNOR JOHN S. WILDER, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT
## AND RECOMMENDATION AND AWARDING ATTORNEY'S FEES,
## COSTS, AND OTHER EXPENSES

Before the Court is the Magistrate Judge's Report and Recommendation on Plaintiffs' Renewed Motion for an Award of Attorney's Fees, Costs, and Expenses Pursuant to Rule 54 (Report and Recommendation). (D.E. # 69.) Pursuant to 28 U.S.C. § 636(b)(1)(C), both parties filed written objections to the Magistrate Judge's Report and Recommendation. For the reasons stated herein,

1

the Court **ADOPTS IN PART** the Magistrate Judge's report and **GRANTS** Plaintiffs' motion for attorney's fees, costs, and other expenses.

## I. BACKGROUND

On November 22, 2006, the Sixth Circuit Court of Appeals dismissed Defendants' appeal as moot and remanded this case to the district court to consider whether Plaintiffs were entitled to an award of attorney's fees. (D.E. #56.) Plaintiffs then renewed their motion for attorney's fees pursuant to Rule 54 of the Federal Rules of Civil Procedure. (D.E. #59.) The Court then referred the issue to the Magistrate Judge, who issued her Report and Recommendation on August 15, 2007. (D.E. #69.) Pursuant to Local Rule 72.1(g), Plaintiffs submitted written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendations. The Magistrate Judge's Report and Recommendations is now before the Court.

## II. LEGAL STANDARD

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); Callier v. Gray, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). They may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). However, when a dispositive matter is referred, the magistrate judge's authority only extends to issuing proposed findings of fact and recommendations for disposition, which the district court may adopt or not. The district court also has the authority to refer other matters to the magistrate judge, including certain post-trial matters, such as, in certain circumstances, a determination of damages or a petition for attorney's fees. 28 U.S.C. § 636(b)(3); Callier v. Gray, 167 F.3d 977, 982-83 (6th

Cir. 1999)(citing Gomez v. United States, 490 U.S. 858 (1989); Mathews v. Weber, 423 U.S. 261 (1976)).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. The standard of review that is applied by the district court depends upon the nature of the matter considered by the magistrate judge.

If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Massey v. City of Ferndale, 7 F.3d 506, 509 (6th Cir. 1993). However, if the magistrate judge's order was issued in response to a dispositive motion or prisoner petition, the district court should engage in de novo review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b); U.S. Fidelity and Guaranty Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir. 1992).

A de novo review requires the reviewing court to reconsider the matter in its entirety, without granting any weight or consideration to the lower court's decision. A de novo review, however, does not require the reviewing court to disagree with any of the findings of the lower court. See United States v. Navarro-Camacho, 186 F.3d 701, 709 (6th Cir. 1999).

**III.    ANALYSIS**

Based on the reasoning discussed herein, the Court adopts in part the Magistrate Judge's Report and Recommendation and awards Plaintiffs attorney's fees. On August 15, 2007, the Magistrate Judge issued her Report and Recommendation regarding Plaintiffs' motion for attorney's fees. In addition to Proposed Findings of Fact, the Magistrate Judge proposed the following

conclusions of law: (1) the Senate is not a proper Defendant based on sovereign immunity and, therefore, the Court lacks jurisdiction over the Senate, and the Eleventh Amendment bars any relief for attorney's fees; (2) legislative immunity applies to Lt. Governor Wilder, not judicial immunity; (3) Lt. Governor Wilder, despite the applicability of legislative immunity, is not immune from suit because he was acting in a "ministerial" capacity; and (4) Plaintiffs were not "prevailing parties" against Lt. Governor Wilder. After reviewing the applicable case law and the record, the Court adopts the Magistrate Judge's findings of fact and the first three conclusions of law stated above. The Court, however, finds that Plaintiffs were "prevailing parties" as to Lt. Governor Wilder. Plaintiffs are, therefore, entitled to attorney's fees, costs, and other expenses.

**A. Prevailing Party**

Pursuant to 42 U.S.C. § 1988, a "prevailing party" is entitled to "a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefits the parties sought in bringing the action." Hensley v. Eckerhart, 461 U.S. 424, 431 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir. 1978)); Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 789 (1989). "Any enforceable judgment, or comparable type of relief, or settlement . . . will generally make a 'prevailing party' as long as 'his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.'" Owner-Operator Indep. Drivers Ass'n v. Bissell, 210 F.3d 595, 597 (6th Cir. 2000) (quoting Farrar v. Hobby, 506 U.S. 103, 111 (1992)). A party may be benefitted by receiving "monetary damages, injunctive relief, . . . a voluntary change

4

in a defendant's conduct," or a declaratory judgment. Bissell, 210 F.3d at 597-98 (quoting Wooldridge v. Marlene Indus., 898 F.2d 1169, 1173 (6th Cir. 1990)).

In the present case, Plaintiffs brought five claims against Defendants Tennessee State Senate and Lt. Governor John S. Wilder for violations of the Equal Protection Clause, the Due Process Clause, the Voting Rights Act, 42 U.S.C. §§ 1971 and 1973, and the Article IV, §1 of the Tennessee Constitution. The Court dismissed Plaintiffs' claims under the Voting Rights Act. The Court also lacked jurisdiction with respect to the Tennessee constitutional issue. Plaintiffs were, however, successful in obtaining relief—a declaratory judgment—through 42 U.S.C. § 1983 on their Equal Protection and the Due Process claims.

The Report and Recommendation states that Plaintiffs only obtained a declaratory judgment against the Senate and not against the Lt. Governor. This interpretation of the relief granted to Plaintiffs in the Court's February 1, 2006 order, however, is far too narrow. Lt. Governor Wilder was implicitly included in the declaratory judgment, which was not limited to the Senate. Although Plaintiffs concede that the Senate was not a proper party to the action, the success that Plaintiffs obtained against the Lt. Governor is sufficient to meet the "prevailing party" standard under 42 U.S.C. § 1988 and to support an award of costs, expenses, and attorney's fees.

The Court's February 1st order, which granted Plaintiffs declaratory relief, explained that the Senate's passage of Senate Resolution 7002, which would have ousted Plaintiff Senator Ophelia Ford, would violate Plaintiffs' rights under the Equal Protection Clause and the Due Process Clause. (D.E. #30.) Under the Tennessee Constitution, a bill cannot become a law until it passes both Houses, the "respective speakers [of each House] have signed the bill," and the Governor approves the bill. Tenn Const. art. II, § 18. Thus, for Resolution 7002 to have become effective, Lt. Governor

5

Wilder, being the Speaker of the Senate, would have had to sign it. The Court's February 1st order contemplated the effects of the passage of Resolution 7002 into law and implicitly included Lt. Governor Wilder's required role in signing the resolution as part of the act that would violate Plaintiffs' Equal Protection and Due Process rights. Thus, the declaratory judgment obtained by Plaintiffs against Lt. Governor Wilder "materially altered the legal relationship between the parties." Farrar, 506 U.S. at 111. The Court, therefore, finds that although the February 1st order granting a declaratory judgment in favor of Plaintiffs did not specifically name Lt. Governor Wilder as a party against whom Plaintiffs obtained relief, Lt. Governor Wilder's inclusion was implicit and a reading to the contrary ignores his indispensable role in Tennessee's legislative framework.

Because Plaintiffs obtained relief against Lt. Governor Wilder, the question now becomes whether he modified his behavior in a way that benefitted Plaintiffs. As noted previously, the Court issued its order of declaratory judgment on February 1, 2006. After the Court issued its February 1st order, the Senate cancelled its scheduled vote on the ouster of Senator Ford and dropped Resolution 7002 from its calendar on February 6, 2006. Although the dropping of Resolution 7002 occurred before Lt. Governor Wilder was put in a situation where he had to exercise his ministerial duties, it is entirely reasonable to infer that the Senate took its actions based upon the understanding that Lt. Governor Wilder was precluded from exercising his ministerial duties with regard to Resolution 7002 because doing so would violate Plaintiffs' constitutional rights. This change in behavior was clearly a benefit to Plaintiffs because, as the Sixth Circuit noted in Dambrot v. Central Michigan University, 55 F.3d 1177 (6th Cir. 1995), "[t]he vindication of rights under the . . . Fourteenth Amendment[], whether or not such rights ha[ve] been infringed upon, constitutes relief such that Plaintiffs should be deemed prevailing parties." Id. at 1192.

Further, while the Senate was an improper party to the suit, its actions in dropping Resolution 7002 came as a direct result of the relief obtained by Plaintiffs in this case. To hold that Plaintiffs are not "prevailing parties" because the Senate took action to avoid unconstitutional behavior before Lt. Governor Wilder had the opportunity to change his behavior and avoid violating Plaintiffs' constitutional rights would result in manifest injustice and ultimately undermine the purpose of § 1988(b), which is to encourage competent attorneys to represent victims of civil rights violations and ensure effective access to the judicial process. See Riverside v. Rivera, 477 U.S. 561, 576-77 (1986). Therefore, the Court finds that Plaintiffs have demonstrated that they are "prevailing parties" under § 1988 and are entitled to reasonable attorney's fees, costs, and expenses for the work performed at the district court level.

### B. Attorney's Fees for Appeal to the Sixth Circuit

In addition to being entitled to attorney's fees for the work performed at the district court level, Plaintiffs claim that they are entitled to attorney's fees incurred on appeal to the Sixth Circuit. "A determination of mootness neither precludes nor is precluded by an award of attorneys' fees. The attorneys' fees question turns instead on a wholly independent consideration: whether plaintiff is a 'prevailing party.'" Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980); cf. Bliss v. Holmes, 867 F.2d 256, 258 (6th Cir. 1988)(holding that defendant's compliance with rules, which mooted plaintiff's case, did "not render the plaintiffs any less a prevailing party"). The Court finds that Plaintiffs are entitled to attorney's fees for the work performed on appeal to the Sixth Circuit.

Following this Court's February 1st order granting a declaratory judgment in favor of Plaintiffs, Defendants appealed to the Sixth Circuit Court of Appeals. During the time this appeal was pending, the Senate voided the special election. The Sixth Circuit then held that because

Defendants' voided the special election, the appeal was moot. (D.E. #56.) Importantly, the Sixth Circuit did not grant Defendants' motion for vacatur. (Id. at 7.) The court held that such relief for Defendants should not be granted because Defendants were the party responsible for mooting the case. (Id. at 7.) Instead, the court dismissed the appeal for lack of jurisdiction and remanded for a determination of attorney's fees.

The fact that the Sixth Circuit dismissed Defendants' case for mootness is not determinative of whether Plaintiffs should be awarded attorney's fees. Marshall, 622 F.2d at 120. The relevant issue is whether Plaintiffs are "prevailing parties." As noted above, both the declaratory relief obtained by Plaintiffs and the subsequent action of the Senate and the Lt. Governor in dropping Resolution 7002 rendered Plaintiffs "prevailing parties." Defendants' actions mooted their appeal to the Sixth Circuit, but Plaintiffs still incurred attorney's fees in preparation for the appeal. Because Plaintiffs ultimately prevailed, they are entitled to an award of attorney's fees for the work performed regarding their appeal.

### C. Reasonableness of Attorney's Fees

Finally, the Court must determine whether the attorney's fees requested by Plaintiffs are reasonable. Under § 1988, a court, in its discretion, may award to a "prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The amount that constitutes a reasonable fee "must be determined on the facts of each case." Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). In examining the facts of a case to determine reasonableness a court may consider twelve (12) factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Id. at 430; see Reed v. Rhodes, 179 F.3d 453, 471-72 (6th Cir. 1999).

In the present case, Plaintiffs have requested a total of $129,838.00. Although a court is not required to apply each of the factors listed above when inquiring into the reasonableness of a fee request, the Court finds a number of those factors to be helpful in this case. First, the Court looks to the time and labor of the attorneys and the customary fee charged by attorneys in the region–factors one (1) and five (5). (D.E. #59, Ex. A.) The total amount requested includes $111,338.00 for attorney's fees at the Bogatin Law Firm, PLC. The Bogatin Firm's attorney's fees were calculated by multiplying the attorneys' normal hourly rates by the number of hours worked. The rates of David J. Cocke ($250.00/hr) and Theodore T. Kitai ($200.00/hr) are within the reasonable range for partners at a law firm in the Memphis community. Associate M. Andrew Wohlfarth's rate ($140.00/hr) and paralegal Jeanne Cannon's rate ($50.00) are also well-within the reasonable range for individuals in their respective positions. Although Defendants did not challenge the rates charged by Plaintiffs' attorneys as excessive, the Court notes that the rate charged by Mr. Cavitch ($380/hr) is above the fee range usually approved in this market. See Isabel v. City of Memphis, 404 F.3d 404, 415-16 (6th Cir. 2005)(holding $250/hr rate reasonable); Vaughan v. Memphis Health Center, Inc., No. 03-2470, 2006 U.S. Dist. LEXIS 12984, at *2-3 (W.D. Tenn. Mar. 8, 2006)(finding an hourly rate of $200 to $225 to be reasonable). The complexity of this case, as discussed more extensively below, warrants Mr. Cavitch's rate. Additionally, this Court, having witnessed Mr. Cavitch's more than competent representation of his clients, finds this higher rate justified.

9

The Bogatin Law Firm also submits that it spent a combined 420.10 hours representing Plaintiffs throughout the history of this case—from Senate Subcommittee proceedings and litigation in district court to the Sixth Circuit appeal. Defendants argue that the time spent is not detailed enough for the Court to make an informed decision. Although the document submitted by the Bogatin Law Firm is not as detailed as what would be preferred, the Court, nevertheless, finds that it contains sufficient specificity to determine reasonableness and for Defendants to intelligently articulate a response.

Defendants next contend that Plaintiffs cannot properly claim the time spent in representation before the Senate Subcommittee and in preparation for the appeal in its request for fees under § 1988. Because the Court has already determined that Plaintiffs are "prevailing parties" in the appeal, the Court finds that the claim for attorney's fees for the work conducted in preparation for defending against the appeal is reasonable. Additionally, the combined 151.5 hours of time spent by counsel is more than reasonable considering the complicated nature of the issues on appeal and the fact that the focus of the argument before the Sixth Circuit changed somewhat as the issue of mootness emerged. As to Defendants' contention that Plaintiffs cannot recover fees for representation during the Senate Subcommittee proceedings, the Court finds some merit in Defendants' argument. The Senate Subcommittee hearings were initiated based on a challenge to the election results filed by Terry Roland. Defendants should not be liable for attorney's fees incurred as a result of the actions of a third-party. However, once Resolution 7002 was filed, Plaintiffs' case against Defendants in preventing the violation of their Due Process and Equal Protection rights began. Therefore, the Court finds that the Bogatin Law Firm's fees should be

reduced by $12,575.00, the amount incurred by Plaintiffs' counsel in representation before the Resolution was filed.

In addition to fees for the Bogatin Law Firm, Plaintiffs' total request also includes charges for Professor Steven Mulroy's time at a discounted rate of $200/hr for 44 hours of work (D.E. #59, Ex. B), Professor Richard H. Pildes's time at a discounted rate of $400/hr for 24.25 hours work (D.E. #59, Ex. C), and $2,500.00 in filing fees, subpoenas, transcripts, and other expenses. Professor Mulroy's fee and the amount of time he contributed are well-within the reasonable rates and times for a Memphis attorney, as discussed above, in this type of case. While Professor Pildes's normal hourly rate of $600/hr would be high for this jurisdiction, he reduced it to $400/hr for this case. Additionally, factor nine (9)–the experience, reputation and ability of the attorneys–is instructive in gauging reasonableness of his fees. Given Professor Pildes's reputation and experience in the area of election law, which was evidenced by the accomplishments listed in his resume (D.E. #59, Ex. D), and the fact that he reduced his hourly rate by $200/hr in this case, the Court finds that the rate charged was reasonable.

The Court also finds that factors two (2), the difficulty and novelty of the case, and seven (7), the time constraints presented by the circumstances in the case, lend further support to Plaintiffs' contention that their fee request is reasonable. Plaintiffs' case was a complex matter with a number of challenging issues, including the interplay of state and federal law, issues of sovereign and qualified immunity, novel voting rights matters, and other constitutional law questions. Further, the bulk of Plaintiffs' filings in the district court occurred in a little over a month between January 18, 2006 and February 15, 2006. In that time, Plaintiffs' counsel filed the complaint, wrote several memoranda, responded to a motion to dismiss, and had oral arguments in a number of hearings

before the Court. After that period, Plaintiffs' responded to Defendants' brief and prepared for oral argument in the appeal to the Sixth Circuit. All of these factors weigh in favor of the reasonableness of Plaintiffs' fee request. Plaintiffs' attorneys produced high-quality work and did so in a relatively short amount of time. They obtained successful results on Plaintiffs' Due Process and Equal Protection claims. While it is true that Plaintiffs did not achieve success on every claim brought in this lawsuit, the claims were so intertwined that the attorney's fees award should not be reduced based on the failure of a particular claim. Ultimately, Plaintiffs achieved the result that they desired. Given the amount of effort, the complexity of the case, the skill of Plaintiffs' counsel, the quality of Plaintiffs' counsel's work, and the results achieved, the Court finds an award of $117,263 to be reasonable and orders Defendants to pay the fee.

### III. CONCLUSION

For the foregoing reasons, the Court **ADOPTS IN PART** the Magistrate Judge's Report and **GRANTS** Plaintiffs' motion for attorney's fees. The Court finds that Plaintiffs were "prevailing parties" under §1988(b) and **AWARDS** Plaintiffs $117,263.00 in attorney's fees, costs, and other expenses.

**IT IS SO ORDERED** this 24th day of October, 2008.

                                                                s/Bernice Bouie Donald
                                                                BERNICE BOUIE DONALD
                                                                UNITED STATES DISTRICT COURT JUDGE